UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                      Case No. 10-36805-BKC-PGH

FLAMINGO ISLES CORP.,                                       Chapter 11

    Debtor.
_____/

### NEW YORK COMMUNITY BANK'S MOTION, PURSUANT TO 11 U.S.C. §§ 1112(b), 362(d), TO DISMISS THE BANKRUPTCY CASE, OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY

New York Community Bank ("Movant") moves the Court for (i) dismissal of this chapter 11 case filed by Flamingo Isles Corp. ("Flamingo" or "Debtor"), or, in the alternative, (ii) relief from the automatic stay to allow movant to reschedule the foreclosure sale which was scheduled to occur less than 24 hours before the petition herein was filed. In the event that neither is granted, then Movant seeks adequate protection under Code sections 361 and 363(e), though this is undoubtedly futile, as will be seen. In support, Movant states:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 1112(b) (for dismissal), 362(d) (for stay relief) and 361 and 363(e) for adequate protection.

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 2 of 17

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),*
*To Dismiss The Bankruptcy Case, Or, In The Alternative,*
*For Relief From Automatic Stay*
Case No.: 10-36805-BKC-PGH
Page 2

## BACKGROUND

2. This case presents the classic situation of a single asset, no income, no equity, corporate debtor with a zero percent chance for reorganization, seeking chapter 11 protection simply to delay a secured creditor's foreclosure sale. No benefit can possibly be gained by any party on account of this case. It is simply not in any party's best interests.

3. The Debtor is a single purpose entity with two assets: a checking account with $59.04 in it and a parcel of real property (the "Property") that it purchased to develop, but did not, in Davie, Broward County, Florida. The Property produces no income and never has since this Debtor acquired it. The Debtor's own schedules reflect that the Property has a value of $1,500,000.00 against which Movant has, as acknowledged by the Debtor in its schedules, a valid $2,434,860.22 secured claim. (That secured claim was reduced to final judgment in June 2010. See Exhibit "A".)

4. The Debtor's schedules also reflect, at most, one unsecured $249,500.00 liability to an engineer, apparently to design work that, years later, has still never come to fruition. If Movant, according to the Debtor's schedules, holds an unsecured deficiency claim of more than $900,000.00, and if the listed liability to the engineer is accurate, Movant holds more than 75% of the unsecured creditor class.

5. The Debtor has no employees and has earned no income for the three years reflected on its Statement of Financial Affairs. The absence of disclosed income makes sense because the Debtor's sole genuine asset, the Property, does not and cannot produce income.

6. Debtor's counsel, in a phone call to Movant's counsel on the day of filing, stated that the purpose of the chapter 11 is to obtain a short sale of the Property, "to help [Movant] get paid and reduce some of [the Debtor's exposure]." Given that (a) the debt on the Property is larger than the Property's value, (b) the interest on the secured portion of the final

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 3 of 17

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),*
*To Dismiss The Bankruptcy Case, Or, In The Alternative,*
*For Relief From Automatic Stay*
*Case No.: 10-36805-BKC-PGH*
*Page 3*

judgment, in terms of adequate protection, would have obliterated the checking account contents by adequate protection interest accrual a few hours after filing the petition, and (c) there is no hope for income and no economic reason for any equity infusion into the Debtor by any person for any reason hereafter, there is no possibility of a plan confirmation without Movant's consent, which is not going to happen. The Debtor will not, because it cannot, respond to this Motion with any suggestion of how it could formulate and fund a viable chapter 11 plan, simply because it is impossible to achieve that goal given its hugely underwater predicament. The Court should not permit the Debtor to waste time and money it does not have on a chapter 11 process when reorganization is unrealistic, and from Movant's point of view, allow the Debtor to use this Court to abuse Movant, which is the only conceivable purpose of the filing herein.

7. Because of the Debtor's failure to pay the mortgage debt to Movant when due, more than three years ago on June 1, 2007, Movant filed a state court foreclosure proceeding in Broward County, Florida on June 26, 2009. On June 28, 2010 it obtained a final judgment of foreclosure. The Clerk of the Circuit Court scheduled a foreclosure sale for 11:00 a.m. on Wednesday, September 8, 2010. Less than 24 hours prior to the sale, just in time to obtain a certificate of filing from the Clerk of this Court and present same to the Clerk of the Circuit Court to stop the sale, the Debtor filed its petition herein. Every day the Debtor remains in chapter 11, Movant is being unfairly and substantially prejudiced. It has already taken Movant 15 months to obtain a foreclosure sale date. If this case were dismissed immediately, and if the Clerk took as long to re-schedule the sale, the Debtor would obtain as much time to effect some kind of disposition of the Property acceptable to Movant as it could through the Plan of Reorganization it is required to file herein in the same time period. There is no reason that Movant should be subjected to additional months of delay when the Debtor has no

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 4 of 17

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),
To Dismiss The Bankruptcy Case, Or, In The Alternative,
For Relief From Automatic Stay*
Case No.: 10-36805-BKC-PGH
Page 4

realistic hope of reorganizing. The Debtor's sole possible benefit, if it is one, for having filed this Petition and having had its principal pay counsel a $5,000.00 retainer—delay of the foreclosure sale—has already occurred. There is no more "upside" in store for this Debtor, or the hapless sole unsecured creditor—the engineer—by continuing the charade of this "reorganization."

8. Given these circumstances, Movant seeks dismissal of the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1112(b). In the alternative, Movant requests that this Court lift the automatic stay pursuant 11 U.S.C. § 362(d)(1) or (d)(2) to allow Movant to schedule and proceed with the Clerk's foreclosure sale.

## RELIEF SOUGHT

9. By this motion, Movant seeks the entry of an order (i) dismissing the Debtor's chapter 11 case pursuant to § 1112(b) of the Bankruptcy Code or, in the alternative, (ii) granting relief from the automatic stay under section 362(d) of the Bankruptcy Code to permit Movant to reschedule the foreclosure sale with the Clerk of the Broward Circuit Court.[1] In the alternative to both of the above, (iii) an order requiring the Debtor to make adequate protection payments.

## ARGUMENT

A. **Debtor's bad faith filing constitutes cause for dismissal of this Chapter 11 Case pursuant to Bankruptcy Code § 1112(b)**

10. Bankruptcy Code § 1112(b) authorizes a court to dismiss bankruptcy cases for

---

[1] Although the enforceable claim arises out of a note and mortgage, those do not exist. Under Florida law, the note and mortgage merged into Movant's final judgment, Exhibit "A". See, *Chrestensen v. Eurogest, Inc.*, 906 So.2d 343, 345 (Fla. 4th DCA 2005.)No Indebtedness Worksheet is attached. All other requirements found in CG-10 are otherwise complied with.

BERMAN RENNERT VOGEL & MANDLER, P.A., ATTORNEYS AT LAW, 29TH FLOOR, INTERNATIONAL PLACE
100 S.E. 2ND STREET, MIAMI, FLORIDA 33131-2130 • TEL. (305) 577-4177 • FAX (305) 373-6036

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 5 of 17

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),*
*To Dismiss The Bankruptcy Case, Or, In The Alternative,*
*For Relief From Automatic Stay*
*Case No.: 10-36805-BKC-PGH*
*Page 5*

"cause." Although the Code does not define "cause", § 1112(b) sets forth a non-exhaustive list of factors that can constitute cause for dismissal. Courts in this Circuit have consistently found that bad faith constitutes cause for dismissal. *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394-95 (11th Cir. 1988) (listing factors evidencing bad faith); *State Street Houses, Inc. v. New York State Urban Dev. Corp.*, 356 F.3d 1345, 1347 (11th Cir. 2004) (affirming dismissal on "bad faith" grounds of petition filed by single asset real estate chapter 11 debtor with few creditors, and applying *Phoenix Piccadilly* factors); *In re Midway Inv., Ltd.*, 187 B.R. 382, 388 (Bankr. S.D. Fla. 1995) (noting that *Phoenix Piccadilly* factors are appropriate in single asset cases).

11. There can be no doubt the Petition was filed *solely* to thwart Movant's effort to sell the Property at the duly scheduled foreclosure sale. That, alone, is not a proper basis for a chapter 11 filing. The purpose of chapter 11 is to enable a financially distressed debtor to reorganize its financial affairs. *See In re Matter of South County Realty, Inc.*, 69 B.R. 611, 615 (Bankr. N.D. Fla. 1987). Because there is no business for the Debtor to jump start or revive, since there never was any, and because the Debtor never developed anything to sell, no purpose for this reorganization case exists.

12. The Court of Appeals for this Circuit has made clear that there is no particular test for determining bad faith, but that "the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" 849 F.2d at 1394 (quoting *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984)). The Court of Appeals has noted that the following factors are particularly relevant to bad faith:

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 6 of 17

New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),
To Dismiss The Bankruptcy Case, Or, In The Alternative,
For Relief From Automatic Stay
Case No.: 10-36805-BKC-PGH
Page 6

- the debtor only has one asset, the property at issue;

- the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors;

- the debtor has few employees;

- the property is subject to a foreclosure action as a result of amounts owing on the debt;

- the debtor's financial problems essentially are a dispute between the debtor and the secured creditor which can be resolved in the pending state court action; and

- the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

See, e.g., State Street Houses, 356 F.3d at 1346-47; Phoenix Piccadilly, 849 F.2d at 1394-95.

13. Here, it cannot be disputed that the Debtor's chapter 11 case has <u>all</u> of the common attributes of an unjustified and improper filing, and, like the petitions in State Street Houses and Phoenix Piccadilly, it should be dismissed.

14. Dismissal on grounds of bad faith is also appropriate where "there is no realistic possibility of an effective reorganization." See Albany Partners, 749 F.2d at 674 (dismissing petition where "consideration of the economic reality" confronting the debtor supported the conclusion that it had no realistic chance of successfully reorganizing). Indeed, courts "view with a jaundiced eye Chapter 11 petitions by debtors with a single asset and with no meaningful body of creditors other than those who hold a mortgage on the single asset." South County Realty, 69 B.R. at 615.

15. The Debtor cannot demonstrate that there is a reasonable likelihood of successful reorganization. The Debtor has no assets from which it can generate revenue other than the Property, and given current economic conditions, the Debtor cannot generate net closing cash from its sale to pay the secured claim to Movant. The Debtor has not identified any outside

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 7 of 17

New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),
To Dismiss The Bankruptcy Case, Or, In The Alternative,
For Relief From Automatic Stay
Case No.: 10-36805-BKC-PGH
Page 7

source of revenue or capital that can be reused to repay what is due to Movant and, assuming honesty of the Debtor's principals, no pretense of feasibility can be advanced. Accordingly, the chapter 11 case should be dismissed.

B. **Movant is entitled to relief from the automatic stay under both Sections 62(d)(1) or (d)(2) based upon (i) the Debtor's bad faith, (ii) lack of adequate protection and (iii) lack of equity combined with the Debtor's clear inability to <u>reorganize</u>.**

16. Alternatively, if this Court does not grant the relief under § 1112(b), several independent grounds exist to justify granting Movant relief from the automatic stay to set sale in the state court foreclosure action.

17. Section 362(d) requires the court to grant relief from the automatic stay "for cause, including the lack of adequate protection," or if the debtor lacks equity in the property and the "property is not necessary to an effective reorganization." 11 U.S.C. § 362(d); *see Acquisition Corp. of America v. Federal Savings & Loan Ins. Corp.*, 96 B.R. 380, 382-83 (S.D. Fla. 1988) (affirming grant of stay relief to allow foreclosure on mortgaged property and finding it was warranted under both conditions); *In re Bryan Road, LLC*, 382 B.R. 844, 854 (Bankr. S.D. Fla. 2008) (noting that grounds of cause under § 362(d)(1) can include lack of adequate protection and in order to promote judicial economy).

   (i) <u>Stay Relief for Cause is Warranted Based on the Debtor's Bad Faith</u>

18. Under § 362(d)(1), bad faith is grounds to lift the automatic stay. *See Acquisition Corp.*, 96 B.R. at 384 (applying test to determine bad faith under § 1112(b) to § 362(d)(1) request for stay relief and lifting stay where bankruptcy petition was filed a day before the debtor would have defaulted on debt to a secured creditor); *Phoenix Piccadilly*, 849 F.2d at 1394 (citing *Natural Land Corp. v. Baker Farms, Inc.*, 825 F.2d 296 (11th Cir. 1987). A court may lift the stay based on a finding of bad faith even if it permits the bankruptcy petition to be maintained. *See In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1029 (11th Cir. 1989).

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 8 of 17

New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),
To Dismiss The Bankruptcy Case, Or, In The Alternative,
For Relief From Automatic Stay
Case No.: 10-36805-BKC-PGH
Page 8

19. As shown above, this Court should lift the automatic stay for "cause" pursuant to section 362(d)(1) of the Bankruptcy Code, based on the Debtor's bad faith filing of the Petition, and permit the Foreclosure Action to proceed.

(ii) <u>Stay Relief is Warranted for Lack of Adequate Protection</u>

20. Should the Court not find the Debtor's bad faith alone warrants lifting the automatic stay, relief from the stay should nevertheless be granted for lack of adequate protection of the Lenders' security interest in the Property under section 362(d)(1) of the Bankruptcy Code. The Debtor has not provided Movant with adequate protection of Movant's interest in the Project in the form of any cash payment since the debt matured more than three years ago, another type of collateral, or the indubitable equivalent of Movant's interest in its collateral. Nor, with less than $60.00 in its checking account and no means of generating income, can it provide adequate protection.

21. In light of the foregoing, Movant is entitled to relief from the automatic stay under section 362(d)(1) for "cause" in order to proceed with the Foreclosure Action.

(iii) <u>Stay Relief is Warranted Because the Debtor Has No Equity in the Property and it is Not Necessary to an Effective Reorganization</u>

22. Section 362(d)(2) provides for relief from the stay if (a) the debtor does not have an equity in such property; and (b) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). With respect to the 362(d)(2) requirement that the property must not be necessary to an effective reorganization, this requires more than showing that there could "conceivably" be an effective reorganization. *Acquisition Corp.*, 96 B.R. at 383. Rather, a debtor must show that the plan is *"in prospect."* *Id.* (emphasis in original). Furthermore, the fact that a debtor must retain the property in order to survive is insufficient. *Id.; see South County Realty*, 69 B.R. at 614 (lifting stay under 362(d)(2) where debt existed of

Case 10-36805-PGH   Doc 9   Filed 09/10/10   Page 9 of 17

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),*
*To Dismiss The Bankruptcy Case, Or, In The Alternative,*
*For Relief From Automatic Stay*
Case No.: 10-36805-BKC-PGH
Page 9

$227,000 against value of property in the amount of $200,000, and the debtor's only asset was the subject property, which if lost left nothing to reorganize).

23. The Debtor has no prospect of any effective reorganization. It simply does not have the funds necessary to continue to maintain the Property or pay its debt to Movant.

24. For these reasons, Movant submits relief from stay is also warranted under section 362(d)(2).

C. Movant is Entitled to Adequate Protection of its Interest in the Property

25. If the Debtor were to retain the Property, Movant is entitled to adequate protection for its interest in the Property in accordance with Bankruptcy Code § 361. *See* 11 U.S.C. §§ 361, 363(e).

26. Movant seeks adequate protection in the form of an order directing the Debtor to promptly pay interest on the final judgment, or at least the $1,500,000 which the Debtor concedes the Property is worth, so that Movant's position does not go further under water. If the Debtor is correct in its schedules that the Property is worth $1,500,000, then Movant would have realized such proceeds, at least, at the scheduled foreclosure sale on Wednesday, September 8, 2010, and should receive interest on such amount commencing on September 8, 2010. Such request, made only for the purpose of quantifying adequate protection, does not mean that Movant concedes that the Debtor's valuation is correct.

27. Notice of this Motion is being provided in accordance with Local Bankruptcy Rule 4001-1.

28. No prior request for the relief requested in this Motion has been made to this or any other Court.

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),*
*To Dismiss The Bankruptcy Case, Or, In The Alternative,*
*For Relief From Automatic Stay*
Case No.: 10-36805-BKC-PGH
Page 10

WHEREFORE, Movant requests that this Court (i) dismiss the Debtor's Chapter 11 Case; or, in the alternative, (ii) lift the automatic stay to permit Movant to re-schedule the foreclosure sale in state court and (iii) grant such other and further relief as the Court deems appropriate.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> BERMAN RENNERT VOGEL & MANDLER, P.A.
> Attorneys for New York Community Bank
> Suite 2900, Miami Tower
> 100 S.E. Second Street
> Miami, Florida 33131
> Telephone (305) 577-4177
> Facsimile (305) 373-6036
>
> By_____/s/_____
> Neil J. Berman
> Florida Bar No. 186483
> nberman@brvmlaw.com

### CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing motion was served in accordance with Bankruptcy Rule 4001(c)(1)(C) on the ____ day of September, 2010 either via U.S. Mail, e-mail transmission and/or facsimile as designated on the attached Service List.

> By_____/s/_____
> Neil J. Berman

Case 10-36805-PGH    Doc 9    Filed 09/10/10    Page 11 of 17

*New York Community Bank's Motion, Pursuant To 11 U.S.C. §§ 112(B), 362(D),*
*To Dismiss The Bankruptcy Case, Or, In The Alternative,*
*For Relief From Automatic Stay*
Case No.: 10-36805-BKC-PGH
Page 11

## Service List

Angelo A. Gasparri, Esq.
The Law Office of Angelo Gasparri, P.A.
Attorney for Debtor
199 West Palmetto Park Road, Suite #5
Boca Raton, Florida 33432
angelo@drlclaw.com

Office of the United States Trustee (no trustee assigned)
51 S.W. First Avenue
Room 1204
Miami, Florida 33130
USTP.Region21@usdoj.gov

Flamingo Isles Corp.
350 South Ocean Boulevard
#10B
Boca Raton, Florida 33432
via regular mail

Ghasem Khavanin
American Engineering & Construction, Inc.
13420 S.W. 36th Court
Ft. Lauderdale, Florida 33330
Via regular mail

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

NEW YORK COMMUNITY BANK, etc.,            CASE NO. CACE 09-035743 (21)

   Plaintiff,

vs.

FLAMINGO ISLES CORP., etc., *et al.*,

   Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Final Judgment on June 28, 2010. On the evidence presented,

IT IS ORDERED AND ADJUDGED that:

1. The Plaintiff's Motion for Summary Judgment is GRANTED. Service of process has been duly and regularly obtained over defendants: Flamingo Isles Corp., Eric Fessler, Mark Landau and Ella Landau.

2. **Amounts Due.** There is due and owing to the Plaintiff the following:

| | |
|---|---:|
| Principal due on the note secured by the mortgage foreclosed: | $2,000,000.00 |
| Interest on the note and mortgage from 5/1/08 to 6/28/10 with a per diem interest at $500.00 per day | 394,500.00 |
| Title search expenses | 250.00 |
| Insurance premiums | 153.93 |
| Tax Collector - Broward County | 18,925.29 |
| Late Fees Due | 14,600.00 |



EXHIBIT "A"

**Court Costs:**

| | |
|---|---:|
| Filing fee | 1,946.00 |
| Service of Process at $180.00 each for 2 defendants and $27.50 for 2 defendants | 415.00 |
| Publication | -0- |

**Additional Costs:**

| | |
|---|---:|
| Concord Express | 100.00 |
| Attorney fees based upon 10 hours at $425.00 per hour for partners, 175 to $225 per hour for associates and $100.00 per hour for paralegals | 3,970.00 |
| GRAND TOTAL | $2,434,860.22 |

3. **Interest**. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. **Lien on Property**. Plaintiff, whose address is One Jericho Plaza, Jericho, NY, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The plaintiff's lien encumbers the subject property located in Broward County, Florida and described as:

PARCEL I:

> THE NORTH 342 FEET OF THE SOUTH 688 FEET OF THE WEST HALF OF SECTION 12, TOWNSHIP 50 SOUTH, RANGE 40 EAST; SAID LAND SITUATE, LYING AND BEING IN BROWARD COUNTY FLORIDA; LESS AND EXCEPT ALL ROADS DEDICATED TO THE PUBLIC AND ROAD RIGHT OF WAYS FOR SW 124TH AVENUE, A/K/A FLAMINGO ROAD AND THAT

PORTION TAKEN THERETO, RECORDED IN CIVIL ACTION NO. 89-30292, BROWARD COUNTY, FLORIDA.

PARCEL II:

A PARCEL OF LAND BEING IN THE WEST ONE-HALF OF SECTION 12, TOWNSHIP 50 SOUTH, RANGE 40 EAST, BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF SAID SECTION 12, THENCE NORTH 89° 48' 49" EAST (BASIS OF BEARINGS) ALONG THE SOUTH LINE OF SAID SECTION 12, 952.00 FEET TO THE POINT OF BEGINNING; THENCE NORTH 00° 10' 03" WEST, A DISTANCE OF 296.96 FEET TO A POINT OF CURVATURE OF A CURVE TO THE LEFT; THENCE NORTHWESTERLY ALONG THE ARC OF SAID CURVE, HAVING A RADIUS OF 109.00 FEET, AND A CENTRAL ANGLE OF 26°43'59", AN ARC DISTANCE OF 50.86 FEET; THENCE NORTH 89°48'49" EAST, A DISTANCE OF 389.90 FEET; THENCE SOUTH 00°08'33" EAST ALONG A LINE 1330.00 FEET EAST OF AND PARALLEL WITH THE WEST LINE OF SAID SECTION 12, A DISTANCE OF 346.00 FEET TO THE SOUTH LINE OF SAID SECTION 12; THENCE SOUTH 89°48'49" WEST ALONG SAID SOUTH LINE OF SECTION 12, A DISTANCE OF 378.00 FEET TO THE POINT OF BEGINNING.

SAID LANDS SITUATE, LYING AND BEING IN THE TOWN OF DAVIE, BROWARD COUNTY, FLORIDA.

5. **Sale of property**. If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___September 8___, 2010___, at 11:00 A.M. to the highest bidder for cash, except as prescribed in Paragraph 6, at Room 385, at the Broward County courthouse located at 201 S.E. 6th Street, Ft. Lauderdale, Florida after having first given notice as required by Section 45.031, Florida Statutes.

6. **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest

and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7. <u>Right of Redemption</u>. On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

8. <u>Distribution of Proceeds</u>. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. <u>Right of Possession</u>. Upon filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lies Pendent shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property.

10. <u>Attorney Fees</u>. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 10 hours were reasonably expended by plaintiff's counsel and that an hourly rate of $425.00 for partners, $175.00 to $225.00 for associates and $100.00 for paralegal is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for

consideration by the Court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

11. **NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. ST.(2006)**

    IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

    IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

    IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 201 S.E. 6TH STREET, FT. LAUDERDALE, FLORIDA (TELEPHONE: (954) 831-5795), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

    IF YOU DECIDE TO SELL YOUR PROPERTY OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.

12. <u>Jurisdiction</u>. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

DONE AND ORDERED in Chambers in Broward County, Florida, this _____ day of June, 2010.

_____
Circuit Judge

TRUE COPY
JUDGE JOHN J. MURPHY, III
JUN 2 8 2010

Copies furnished to all parties:

Neil J. Berman, Esq.
Berman Rennert Vogel & Mandler, P.A.
Miami Tower, Suite 2900
100 S.E. 2nd Street
Miami, Florida 33130
(Attorney for Plaintiff)

Eric Fessler as President and Guarantor of
Flamingo Isles Corp.
3451 E. Bay Court
Merrick, New York 11566
(Defendants)

Mark Landau
350 South Ocean Boulevard
Unit 10-B
Boca Raton, Florida 33432
(Defendant)

Ella Landau
350 South Ocean Boulevard
Unit 10-B
Boca Raton, Florida 33432
(Defendant)